IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED and TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TORRENT PHARMACEUTICALS LIMITED and TORRENT PHARMA INC., <br><br> Defendants. | Civil Action No.: <br> _____ |

## COMPLAINT

Plaintiffs, Takeda Pharmaceutical Company Limited (formerly known as Takeda Chemical Industries, Ltd.) ("TPC") and Takeda Pharmaceuticals North America, Inc. ("TPNA") (collectively, "Takeda") by their undersigned counsel, for their Complaint against defendants Torrent Pharmaceuticals Limited ("Torrent Ltd.") and Torrent Pharma Inc., ("Torrent Inc.") (collectively, "Torrent"), allege as follows:

## THE PARTIES

1.      TPC is a Japanese corporation having its corporate headquarters in Osaka, Japan and principal place of business in Osaka, Japan.  TPNA is a wholly owned U.S. subsidiary of Takeda American Holdings, Inc., which is a wholly owned U.S. subsidiary of TPC.  TPNA has its corporate headquarters and principal place of business in Deerfield, Illinois and is organized under the laws of Delaware.

2.      TPC is engaged in the business of research, developing, manufacturing, and marketing of a broad spectrum of innovative pharmaceutical products, including ACTOS® which contains the active ingredient pioglitazone.

3.      On information and belief, Torrent Ltd. is a company organized and existing under the laws of India, having its principal place of business at Torrent House, Off Ashram Road, Ahmedabad – 380 009, Gujarat, India.  Upon information and belief, ANDA No. 91-298 was filed under the name of Torrent Ltd.

4.      On information and belief, Torrent Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 5380 Holiday Terrace, Suite 40, Kalamazoo, Michigan 49009.  Upon information and belief Torrent Inc. filed ANDA No. 91-298 as "U.S. Agent for Torrent Pharmaceuticals Limited."

5.      On information and belief, Torrent Inc. sells generic drugs, manufactured and supplied by Torrent Ltd., throughout the United States.

6.      On information and belief, Torrent Inc. is a wholly-owned subsidiary of Torrent Ltd.

7.      Upon information and belief, Torrent is currently transacting business in this District, at least by making and shipping into this Judicial District, or by using, offering to sell or selling or by causing others to use, offer to sell or sell, pharmaceutical products.   Upon information and belief, Torrent derives substantial revenue from interstate and/or international commerce, including substantial revenue from goods used or consumed or services rendered in the State of Delaware and this Judicial District.  By filing its ANDA, Torrent has committed, and unless enjoined, will continue to commit a tortious act without the State of Delaware, which Torrent expects or should reasonably expect to have consequences in the State of Delaware.

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code and arising under 35 U.S.C. §§ 271(e)(2), 271(b), and 281-283.

9.      Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

10.     Venue is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## THE NEW DRUG APPLICATION

11.     TPNA sells pioglitazone-containing drug products under the trade name ACTOS®
in the United States pursuant to the United States Food and Drug Administration's approval of a
New Drug Application ("NDA") held by TPNA (NDA No. 21-073).

12.     ACTOS® is approved for use as an adjunct to diet and exercise to improve
glycemic control in patients with Type 2 Diabetes (non-insulin-dependent diabetes mellitus).
ACTOS® is indicated for monotherapy.  ACTOS® is also indicated for use in combination with a
sulfonylurea, metformin, or insulin when diet and exercise plus the single agent does not result in
adequate glycemic control.

13.     The approval letter for ACTOS®, with approved labeling, was issued by the FDA
on July 15, 1999.  The approval was for both monotherapy and combination therapy, based upon
the FDA's consideration of clinical studies, presented in a single NDA, for both types of
therapies.

14.     Certain amendments to the approved labeling for ACTOS® have subsequently
been approved.

## THE PATENTS IN SUIT

15.     United States Patent No. 5,965,584 ("the '584 patent"), entitled "Pharmaceutical
Composition," a true and correct copy of which is appended hereto as **Exhibit A**, was duly
issued on October 12, 1999 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka and
assigned to plaintiff TPC.  The '584 patent claims, inter alia, a pharmaceutical composition
comprising        pioglitazone        [(±)-5-[[4-[2-(5-ethyl-2-pyridinyl)ethoxy]phenyl]methyl]-2,4-
thiazolidinedione], or salts thereof in combination with a biguanide (e.g., metformin) and

methods for treating diabetes which comprise administering a therapeutically effective amount of pioglitazone or salts thereof in combination with a biguanide.

16.     Plaintiff TPC has been and still is the owner through assignment of the '584 patent, which expires on June 19, 2016.

17.     United States Patent No. 6,329,404 ("the '404 patent"), entitled "Pharmaceutical composition," a true and correct copy of which is appended hereto as **Exhibit B**, was duly issued on December 11, 2001 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka, and assigned to plaintiff TPC.  The '404 patent claims, <u>inter alia</u>, a pharmaceutical composition comprising pioglitazone or salts thereof in combination with an insulin secretion enhancer (<u>e.g.</u>, a sulfonylurea, such as repaglinide or glimepiride) and methods for treating diabetes which comprise administering a therapeutically effective amount of pioglitazone or salts thereof in combination with an insulin secretion enhancer.

18.     Plaintiff TPC has been and still is the owner through assignment of the '404 patent, which expires on June 19, 2016.

19.     United States Patent No. 6,166,043 ("the '043 patent"), entitled "Pharmaceutical Composition," a true and correct copy of which is appended hereto as **Exhibit C**, was duly issued on December 26, 2000 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka, and assigned to plaintiff TPC.  The '043 patent claims, <u>inter alia</u>, methods for reducing the amount of active components administered to a diabetic patient, which comprise administering a therapeutically effective amount of pioglitazone or salts thereof in combination with a biguanide, e. g., metformin.

20.     Plaintiff TPC has been and still is the owner through assignment of the '043 patent, which expires on June 19, 2016.

21.     United States Patent No. 6,172,090 ("the '090 patent"), entitled "Pharmaceutical Composition," a true and correct copy of which is appended hereto as **Exhibit D**, was duly issued on January 9, 2001 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka, and assigned to plaintiff TPC.  The '090 patent claims, inter alia, methods for reducing the side effects of active components administered to a diabetic patient, which comprise administering a therapeutically effective amount of pioglitazone or salts thereof in combination with a biguanide, e. g., metformin, as the active components.

22.     Plaintiff TPC has been and still is the owner through assignment of the '090 patent, which expires on June 19, 2016.

23.     United States Patent No. 6,211,205 ("the '205 patent"), entitled "Pharmaceutical Composition," a true and correct copy of which is appended hereto as **Exhibit E**, was duly issued on April 3, 2001 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka, and assigned to plaintiff TPC.  The '205 patent claims, inter alia, methods for reducing the amount of active components administered to a diabetic patient, which comprises administering a therapeutically effective amount of pioglitazone or salts thereof in combination with an insulin secretion enhancer (e.g., a sulfonylurea).

24.     Plaintiff TPC has been and still is the owner through assignment of the '205 patent, which expires on June 19, 2016.

25.     United States Patent No. 6,271,243 ("the '243 patent"), entitled "Pharmaceutical Composition," a true and correct copy of which is appended hereto as **Exhibit F**, was duly issued on August 7, 2001 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka, and assigned to plaintiff TPC.  The '243 patent claims, inter alia, methods for reducing the side effects of active components administered to a diabetic patient, which comprises administering a

therapeutically effective amount of pioglitazone or salts thereof in combination with an insulin preparation.

26.     Plaintiff TPC has been and still is the owner through assignment of the '243 patent, which expires on June 19, 2016.

27.     United States Patent No. 6,303,640 ("the '640 patent"), entitled "Pharmaceutical Composition," a true and correct copy of which is appended hereto as **Exhibit G**, was duly issued on October 16, 2001 to inventors Hitoshi Ikeda, Takashi Sohda and Hiroyuki Odaka, and assigned to plaintiff TPC.  The '640 patent claims, inter alia, methods for reducing the side effects of active components administered to a diabetic patient, which comprises administering a therapeutically effective amount of a pioglitazone or salt thereof in combination with an insulin secretion enhancer (e.g., a sulfonylurea).

28.     Plaintiff TPC has been and still is the owner through assignment of the '640 patent, which expires on August 9, 2016.

29.     Plaintiff TPC has granted an exclusive license to plaintiff TPNA under the '584 patent, the '404 patent, the '043 patent, the '090 patent, the '205 patent, the '243 patent, and the '640 patent (collectively, the "Takeda Patents").

30.     In accordance with its exclusive license, plaintiff TPNA sells pioglitazone-containing drug products under the trade name ACTOS®, among others, in the United States. Sales of TPNA's pioglitazone-containing drug products are made pursuant to approval by the FDA of, among others, NDA No. 21-073.

31.     Plaintiff TPC manufactures the ACTOS® drug products sold by TPNA.

32.     Plaintiffs TPC and TPNA will be both substantially and irreparably harmed by infringement of any of the Takeda Patents.  There is no adequate remedy at law.

## COUNT I

### (INFRINGEMENT OF THE '584 PATENT UNDER 35 U.S.C. § 271(E)(2)(A))

33.     Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

34.     Upon information and belief, defendant Torrent filed an Abbreviated New Drug Application ("ANDA") with the Food and Drug Administration ("FDA") under 21 U.S.C. § 355(j) (ANDA No. 91-298) seeking approval to market 15 mg, 30 mg, and 45 mg tablets comprising pioglitazone as its hydrochloride ("HCl") salt.

35.     By this ANDA filing, Torrent has indicated that it intends to engage, and that there is substantial likelihood that it will engage, in the commercial manufacture, importation, use, offer for sale, and/or sale, or inducement thereof, of plaintiffs' patented pioglitazone drug products immediately or imminently upon receiving FDA approval to do so.  Also by its ANDA filing, Torrent has indicated that its drug products containing pioglitazone are bioequivalent to Takeda's pioglitazone drug products.

36.     By its ANDA filing, Torrent seeks to obtain approval to commercially manufacture, use, import, offer for sale, and/or sell, alleged generic equivalents of plaintiffs' ACTOS® pioglitazone drug products prior to the expiration date of the '584 patent.

37.     By a letter (the "Notice Letter") dated May 30, 2009, Torrent informed TPC and TPNA that Torrent had filed a certification to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).  On or about June 3, 2009, NDA holder, TPNA, received the Notice Letter.  On or about June 5, 2009 patent owner, TPC, received a duplicate original of the Notice Letter.

38.     The Notice Letter, purporting to be Torrent's Notice of Certification under 21 U.S.C. § 355(j)(2)(B)(i) and/or (ii), indicates that Torrent intends to manufacture, use, import, offer for sale and/or sell, pioglitazone as its HCl salt prior to the expiration of the '584 patent. The Notice Letter alleges that in Torrent's opinion, its manufacture, use, importation, offer for sale, or sale in the United States during the unexpired term of the '584 patent will not infringe any claim of the '584 patent because the '584 patent is "invalid and/or unenforceable and/or contain[s] no claims that would be infringed by the manufacture, use, or sale of Torrent's Pioglitazone Hydrochloride 15, 30 and 45 mg Oral Tablets."

39.     Torrent's filing of ANDA No. 91-298 for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, importation, offer for sale and/or sale, or inducement thereof, of drug products containing pioglitazone or salts thereof before the expiration of the '584 patent is an act of infringement under 35 U.S.C. § 271(e)(2)(A).

40.     Torrent's manufacture, use, importation, offer for sale, and/or sale, or inducement thereof, of its proposed pioglitazone drug product will induce infringement of at least one claim of the '584 patent under 35 U.S.C. § 271(e)(2)(A).

41.     Upon information and belief, Torrent is aware or reasonably should be aware, of the widespread use of pioglitazone in combination therapy, and that such use does not require a physician to co-prescribe pioglitazone with a biguanide, e.g., metformin.  Further, patients routinely take pioglitazone in combination with additional active components, such as biguanides.  The intended use of pioglitazone in combination therapy to treat diabetes would be readily apparent to customers of Torrent (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

42.     Upon information and belief, Torrent currently manufactures, markets, imports, offers for sale and/or sells the biguanide, metformin.

43.     Upon information and belief, Torrent's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.  As is well known to Torrent and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Torrent and customers of Torrent.  On information and belief, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '584 patent.  Torrent knows or reasonably should know that its proposed conduct will induce infringement.

44.     Additionally, upon information and belief, Torrent's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and biguanides, e.g., metformin, and such information will promote the use of pioglitazone in combination with biguanides, e.g., metformin.  The beneficial effects of such co-administration and/or interactions are well known to customers of Torrent.  By including this information in its label, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '584 patent.   Torrent knows or reasonably should know that its proposed conduct will induce infringement.

45.     Upon information and belief, Torrent's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product.

Upon information and belief, Torrent intends to do the same for any approved generic pioglitazone, namely, Torrent intends to list its generic product and refer consumers to Takeda's product, ACTOS®.  Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and metformin, a biguanide, also applies to Torrent's generic pioglitazone-containing drug product.

46.     Upon information and belief, Torrent has planned and intended to actively induce others to infringe the '584 patent when its ANDA application is approved and plans and intends to do so on approval.

47.     Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful, and in full knowledge of the existence of the '584 patent.

48.     Unless Torrent is enjoined from infringing and inducing the infringement of the '584 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II

## (INFRINGEMENT OF THE '404 PATENT UNDER 35 U.S.C. § 271(E)(2)(A))

49.     Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

50.     Torrent's Notice Letter, purporting to be Torrent's Notice of Certification under 21 U.S.C.§ 355(j)(2)(B)(i) and/or (ii), also indicates that Torrent intends to manufacture, use, sell, or offer for sale, pioglitazone as its HCl salt prior to the expiration of the '404 patent.  The Notice Letter alleges that in Torrent's opinion, its manufacture, use, importation, offer for sale, or sale in the United States during the unexpired term of the '404 patent will not infringe any

claim of the '404 patent because the '404 patent is "invalid and/or unenforceable and/or contain[s] no claims that would be infringed by the manufacture, use, or sale of Torrent's Pioglitazone Hydrochloride 15, 30 and 45 mg Oral Tablets."

51.    Torrent's filing of ANDA No. 91-298 for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, importation, offer for sale and/or sale, or inducement thereof, of drug products containing pioglitazone or salts thereof before the expiration of the '404 patent is an act of infringement under 35 U.S.C. § 271(e)(2)(A).

52.    Torrent's manufacture, use, importation, offer for sale, and/or sale, or inducement thereof, of its proposed pioglitazone drug product will induce infringement of at least one claim of the '404 patent under 35 U.S.C. § 271(e)(2)(A).

53.    Upon information and belief, Torrent is aware or reasonably should be aware, of the widespread use of pioglitazone in combination therapy to treat diabetes, and that such use does not require a physician to co-prescribe pioglitazone with an insulin secretion enhancer (e.g., a sulfonylurea).   Further, patients routinely take pioglitazone in combination with additional active components, such as insulin secretion enhancers.   The intended use of pioglitazone in combination therapy would be readily apparent to customers of Torrent (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

54.    Upon information and belief, Torrent currently manufactures, markets, and/or sells the insulin secretion enhancer, glimepiride.

55.    Upon information and belief, Torrent's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.   As is well known to Torrent and its customers, the majority of patients treated with pioglitazone take it in

combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Torrent and customers of Torrent.  On information and belief, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '404 patent.  Torrent knows or reasonably should know that its proposed conduct will induce infringement.

56.    Additionally, upon information and belief, Torrent's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and insulin secretion enhancers such as a sulfonylurea and such information will promote the use of pioglitazone in combination with insulin secretion enhancers such as a sulfonylurea.  The beneficial effects of such co-administration and/or interactions are well known to customers of Torrent.  By including this information in its label, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '404 patent.  Torrent knows or reasonably should know that its proposed conduct will induce infringement.

57.    Upon information and belief, Torrent's generic marketing practices in the U.S. include listing generic products on its website and referring consumers to a corresponding brand name product.  Upon information and belief, Torrent intends to do the same for any approved generic pioglitazone, namely, Torrent intends to list its generic product and refer to Takeda's product, ACTOS®.  Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and an

insulin secretion enhancer (e.g., a sulfonylurea), also applies to Torrent's generic pioglitazone-containing drug product.

58.     Upon information and belief, Torrent has planned and intended to actively induce others to infringe the '404 patent when its ANDA application is approved and plans and intends to do so on approval.

59.     Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful, and in full knowledge of the existence of the '404 patent.

57.     Unless Torrent is enjoined from infringing and inducing the infringement of the '404 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

**COUNT III**

**(INFRINGEMENT OF THE METHOD CLAIMS OF THE '584 PATENT UNDER 35 U.S.C. § 271(b))**

60.     Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

61.     Upon information and belief, approval of ANDA 91-298 is substantially likely to result in the commercial manufacture, use, importation, offer for sale, and/or sale, or inducement thereof, of a drug product which is marketed and sold for use in a method claimed in one or more claims of the '584 patent, immediately or imminently upon approval of the ANDA, and prior to the expiration of the '584 patent.

62.     Upon information and belief, Torrent is aware or reasonably should be aware, of the widespread use of pioglitazone in the methods of one or more claims of the '584 patent and that use in such methods does not require a physician to co-prescribe pioglitazone with a

biguanide, e.g., metformin.  Further, patients routinely take pioglitazone in combination with additional active components, such as biguanides for use in methods covered by the '584 patent. The intended use of pioglitazone in combination therapy to treat diabetes would be readily apparent to a customer of Torrent (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

63.     Upon information and belief, Torrent's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.  As is well known to Torrent and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Torrent and customers of Torrent.  On information and belief, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '584 patent.  Torrent knows or reasonably should know that its proposed conduct will induce infringement.

64.     Additionally, upon information and belief, Torrent's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and biguanides, and such information will promote the use of pioglitazone in combination with biguanides, e.g., metformin.  The beneficial effects of such co-administration and/or interactions are well known to customers of Torrent.  By including this information in its label, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet,

infringement of the '584 patent.  Torrent knows or reasonably should know that its proposed conduct will induce infringement.

65.     Upon information and belief, Torrent's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Torrent intends to do the same for any approved generic pioglitazone, namely, Torrent intends to list its generic product and refer consumers to Takeda's product, ACTOS®.  Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and a biguanide, e.g., metformin, also applies to Torrent's generic pioglitazone-containing drug product.

66.     Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful.

67.      Unless Torrent is enjoined from infringing and inducing infringement of the '584 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT IV

## (INFRINGEMENT OF THE METHOD CLAIMS OF THE '404 PATENT UNDER 35 U.S.C. § 271(b))

68.     Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

69.     Upon information and belief, approval of ANDA 91-298 is substantially likely to result in the commercial manufacture, use, importation, offer for sale, and/or sale, or inducement thereof, of a drug product which is marketed and sold for use in a method claimed in the '404

patent, immediately or imminently upon approval of the ANDA, and prior to the expiration of the '404 patent.

70.     Upon information and belief, Torrent is aware or reasonably should be aware, of the widespread use of pioglitazone in the methods of one or more claims of the '404 patent and that use in such method does not require a physician to co-prescribe pioglitazone with an insulin secretion enhancer (e.g., a sulfonylurea).   Further, patients routinely take pioglitazone in combination with additional active components, such as insulin secretion enhancers for use in methods covered by the '404 patent.   The intended use of pioglitazone in combination therapy to treat diabetes would be readily apparent to a customer of Torrent (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

71.     Upon information and belief, Torrent's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.   As is well known to Torrent and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Torrent and customers of Torrent.   On information and belief, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '404 patent.   Torrent knows or reasonably should know that its proposed conduct will induce infringement.

72.    Additionally, upon information and belief, Torrent's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and insulin secretion enhancers such as a sulfonylurea and such information will promote the use of pioglitazone in combination with an insulin secretion enhancer, such as a sulfonylurea.  The beneficial effects of such co-administration and/or interactions are well known to customers of Torrent.  By including this information in its label, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '404 patent.  Torrent knows or reasonably should know that its proposed conduct will induce infringement.

73.    Upon information and belief, Torrent's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Torrent intends to do the same for any approved generic pioglitazone, namely, Torrent intends to list its generic product and refer consumers to Takeda's product, ACTOS®.  Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and an insulin secretion enhancer (e.g., a sulfonylurea), also applies to Torrent's generic pioglitazone-containing drug product.

74.    Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful.

75.    Unless Torrent is enjoined from infringing and inducing infringement of the '404 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT V

### (INFRINGEMENT OF THE METHOD CLAIMS OF THE '043 PATENT UNDER 35 U.S.C. § 271(b))

76.     Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

77.     Upon information and belief, approval of ANDA 91-298 is substantially likely to result in the commercial manufacture, use, importation, offer for sale and/or sale, or inducement thereof, of a drug product which is marketed and sold for use in a method claimed in one or more claims of the '043 patent, immediately or imminently upon approval of the ANDA, and prior to the expiration of the '043 patent.

78.     Upon information and belief, Torrent is aware or reasonably should be aware, of the widespread use of pioglitazone in the methods of one or more claims of the '043 patent and that use in such methods does not require a physician to co-prescribe pioglitazone with a biguanide, e.g., metformin.  Further, patients routinely take pioglitazone in combination with additional active components, such as biguanides for use in methods covered by the '043 patent. The intended use of pioglitazone in combination therapy to reduce the amount of active components used in such therapy would be readily apparent to a customer of Torrent (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

79.     Upon information and belief, Torrent's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.  As is well known to Torrent and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with

pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Torrent and customers of Torrent.  On information and belief, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '043 patent.  Torrent knows or reasonably should know that its proposed conduct will induce infringement.

80.     Additionally, upon information and belief, Torrent's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and biguanides, e.g., metformin and such information will promote the use of pioglitazone in combination with biguanides, e.g., metformin.  The beneficial effects of such co-administration and/or interactions are well known to customers of Torrent.  By including this information in its label, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '043 patent.  Torrent knows or reasonably should know that its proposed conduct will induce infringement.

81.     Upon information and belief, Torrent's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Torrent intends to do the same for any approved generic pioglitazone, namely, Torrent intends to list its generic product and refer consumers to Takeda's product, ACTOS®.  Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and a

biguanide, e.g., metformin, also applies to Torrent's generic pioglitazone-containing drug product.

82.     Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful.

83.     Unless Torrent is enjoined from infringing and inducing infringement of the '043 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

<u>**COUNT VI**</u>

**(INFRINGEMENT OF THE METHOD CLAIMS OF THE '090 PATENT
<u>UNDER 35 U.S.C. § 271(b))</u>**

84.     Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

85.     Upon information and belief, approval of ANDA 91-298 is substantially likely to result in the commercial manufacture, use, importation, offer for sale and/or sale of a drug product which is marketed and sold for use in a method claimed in one or more claims of the '090 patent, immediately or imminently upon approval of the ANDA, and prior to the expiration of the '090 patent.

86.     Upon information and belief, Torrent is aware or reasonably should be aware, of the widespread use of pioglitazone in the methods of one or more claims of the '090 patent and that use in such methods does not require a physician to co-prescribe pioglitazone with a biguanide, e.g., metformin.  Further, patients routinely take pioglitazone in combination with additional active components, such as biguanides for use in methods covered by the '090 patent. The intended use of pioglitazone in combination therapy to reduce side effects of such therapy would be readily apparent to a customer of Torrent (e.g., including, without limitation,

physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

87.     Upon information and belief, Torrent's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.  As is well known to Torrent and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Torrent and customers of Torrent.  On information and belief, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '090 patent.  Torrent knows or reasonably should know that its proposed conduct will induce infringement.

88.     Additionally, upon information and belief, Torrent's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and biguanides, e.g., metformin and such information will promote the use of pioglitazone in combination with biguanides, e.g., metformin.  The beneficial effects of such co-administration and/or interactions are well known to customers of Torrent.  By including this information in its label, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '090 patent.  Torrent knows or reasonably should know that its proposed conduct will induce infringement.

89.     Upon information and belief, Torrent's generic marketing practices include listing generic products on its website and referring consumers to a given generic product with a corresponding brand name product.  Upon information and belief, Torrent intends to do the same for any approved generic pioglitazone, namely, Torrent intends to list its generic product and refer consumers to Takeda's product, ACTOS®.  Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and a biguanide, e.g., metformin, also applies to Torrent's generic pioglitazone-containing drug product.

90.     Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful.

91.     Unless Torrent is enjoined from infringing and inducing infringement of the '090 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VII

### (INFRINGEMENT OF THE METHOD CLAIMS OF THE '205 PATENT UNDER 35 U.S.C. § 271(b))

92.     Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

93.     Upon information and belief, approval of ANDA 91-298 is substantially likely to result in the commercial manufacture, use, importation, offer for sale and/or sale, or inducement thereof, of a drug product which is marketed and sold for use in a method claimed in one or more claims of the '205 patent, immediately or imminently upon approval of the ANDA, and prior to the expiration of the '205 patent.

94.     Upon information and belief, Torrent is aware or reasonably should be aware, of the widespread use of pioglitazone in the methods of one or more claims of the '205 patent and that use in such methods does not require a physician to co-prescribe pioglitazone with an insulin secretion enhancer (e.g., a sulfonylurea).   Further, patients routinely take pioglitazone in combination with additional active components, such as insulin secretion enhancers for use in methods covered by the '205 patent.  The intended use of pioglitazone in combination therapy to reduce the amount of active components used in such therapy would be readily apparent to a customer of Torrent (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

95.     Upon information and belief, Torrent's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.  As is well known to Torrent and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Torrent and customers of Torrent.  On information and belief, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '205 patent.  Torrent knows or reasonably should know that its proposed conduct will induce infringement.

96.     Additionally, upon information and belief, Torrent's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and insulin secretion enhancers

such as a sulfonylurea and such information will promote the use of pioglitazone in combination with insulin secretion enhancers. The beneficial effects of such co-administration and/or interactions are well known to customers of Torrent. By including this information in its label, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '205 patent. Torrent knows or reasonably should know that its proposed conduct will induce infringement.

97.     Upon information and belief, Torrent's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Torrent intends to do the same for any approved generic pioglitazone, namely, Torrent intends to list its generic product and refer consumers to Takeda's product, ACTOS®. Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and an insulin secretion enhancer (e.g., a sulfonylurea), also applies to Torrent's generic pioglitazone-containing drug product.

98.     Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful.

99.     Unless Torrent is enjoined from infringing and inducing infringement of the '205 patent, plaintiffs will suffer substantial and irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT VIII

### (INFRINGEMENT OF THE METHOD CLAIMS OF THE '243 PATENT UNDER 35 U.S.C. § 271(b))

100.    Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

101.    Upon information and belief, approval of ANDA 91-298 is substantially likely to result in the commercial manufacture, use, importation, offer for sale and/or sale, or inducement thereof, of a drug product which is marketed and sold for use in a methods claimed in one or more claims of the '243 patent, immediately or imminently upon approval of the ANDA, and prior to the expiration of the '243 patent.

102.    Upon information and belief, Torrent is aware or reasonably should be aware, of the widespread use of pioglitazone in the methods of one or more claims of the '243 patents and that use in such methods does not require a physician to co-prescribe pioglitazone with an insulin preparation.  Further, patients routinely take pioglitazone in combination with additional active components, such as insulin preparations for use in methods covered by the '243 patent.  The intended use of pioglitazone in combination therapy to treat a diabetic patient to reduce side effects of active components used in such therapy would be readily apparent to a customer of Torrent (e.g., including, without limitation, physicians, pharmacists, pharmacy benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

103.    Upon information and belief, Torrent's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.  As is well known to Torrent and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with

pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or in combination with an insulin preparation. The beneficial effects of such combination therapy are well known to Torrent and customers of Torrent. On information and belief, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '243 patent. Torrent knows or reasonably should know that its proposed conduct will induce infringement.

104.    Additionally, upon information and belief, Torrent's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and insulin preparations, and such information will promote the use of pioglitazone in combination with insulin preparations. The beneficial effects of such co-administration and/or interactions are well known to customers of Torrent. By including this information in its label, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '243 patent. Torrent knows or reasonably should know that its proposed conduct will induce infringement.

105.    Upon information and belief, Torrent's generic marketing practices include listing generic products on its website and referring consumers to a corresponding brand name product. Upon information and belief, Torrent intends to do the same for any approved generic pioglitazone, namely, Torrent intends to list its generic product and refer consumers to Takeda's product, ACTOS®. Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and an insulin preparation, also applies to Torrent's generic pioglitazone-containing drug product.

106. Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful.

107. Unless Torrent is enjoined from infringing and inducing infringement of the '243 patent, plaintiffs will suffer substantial and irreparable injury.. Plaintiffs have no adequate remedy at law.

## COUNT IX

### (INFRINGEMENT OF THE METHOD CLAIMS OF THE '640 PATENT UNDER 35 U.S.C. § 271(b))

108. Plaintiffs TPC and TPNA repeat and incorporate herein by reference the allegations contained in each of the foregoing paragraphs.

109. Upon information and belief, approval of ANDA 91-298 is substantially likely to result in the commercial manufacture, use, importation, offer for sale and/or sale, or inducement thereof, of a drug product which is marketed and sold for use in a methods claimed in one or more claims of the '640 patent, immediately or imminently upon approval of the ANDA, and prior to the expiration of the '640 patent.

110. Upon information and belief, Torrent is aware or reasonably should be aware, of the widespread use of pioglitazone in the methods of one or more claims of the '640 patents and that use in such methods does not require a physician to co-prescribe pioglitazone with an insulin secretion enhancer (e.g., a sulfonylurea). Further, patients routinely take pioglitazone in combination with additional active components, such as insulin secretion enhancers for use in methods covered by the '640 patent. The intended use of pioglitazone in combination therapy to reduce side effects of active components used in such therapy would be readily apparent to a customer of Torrent (e.g., including, without limitation, physicians, pharmacists, pharmacy

benefits management companies, health care providers who establish drug formularies for their insurers and/or patients).

111.    Upon information and belief, Torrent's proposed label for its pioglitazone drug products does not restrict the use of those products to only monotherapy.  As is well known to Torrent and its customers, the majority of patients treated with pioglitazone take it in combination with another antidiabetic drug, namely, such patients obtain treatment with pioglitazone in combination with a biguanide such as metformin, in combination with an insulin secretion enhancer such as a sulfonylurea, and/or treatment in combination with an insulin preparation.  The beneficial effects of such combination therapy are well known to Torrent and customers of Torrent.  On information and belief, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '640 patent.  Torrent knows or reasonably should know that its proposed conduct will induce infringement.

112.    Additionally, upon information and belief, Torrent's proposed label also provides, or will be required by the FDA to provide, information for patients regarding the co-administration of, and/or drug interactions between, pioglitazone and insulin secretion enhancers such as a sulfonylurea and that such information will promote the use of pioglitazone in combination with an insulin secretion enhancer.  The beneficial effects of such co-administration and/or interactions are well known to customers of Torrent.  By including this information in its label, Torrent will be marketing pioglitazone with specific intent, and/or with the desire to actively induce, aid and abet, infringement of the '640 patent.  Torrent  knows or reasonably should know that its proposed conduct will induce infringement.

113.    Upon information and belief, Torrent's generic marketing practices include listing generic products on its website and referring consumers to compare a given generic product with a corresponding brand name product.  Upon information and belief, Torrent intends to do the same for any approved generic pioglitazone, namely, Torrent intends to list its generic product and refer consumers to Takeda's product, ACTOS®.  Upon information and belief, such marketing practices are substantially likely to lead a consumer of generic pioglitazone to infer that prescribing information for ACTOS®, which includes directions relating to the use of combinations of ACTOS® and an insulin secretion enhancer (e.g., a sulfonylurea), also applies to Torrent's generic pioglitazone-containing drug product.

114.    Upon information and belief, the acts of infringement alleged above are and have been deliberate and willful.

115.    Unless Torrent is enjoined from infringing and inducing infringement of the '640 patent, plaintiffs will suffer substantial and irreparable injury.  Plaintiffs have no adequate remedy at law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

(a)     a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. that making, using, selling, offering to sell and/or importing Torrent's drug product for which it seeks FDA approval or its active ingredient pioglitazone will infringe at least one claim of one or more of the Takeda Patents;

(b)     a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. that inducing the making, using, offering for sale, selling and/or importing of Torrent's drug product or its active ingredient pioglitazone, will infringe at least one claim of one or more of the Takeda Patents;

(c)     a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and an order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval for Torrent to commercially make, use, sell, offer to sell or import pioglitazone or any drug product containing pioglitazone be no earlier than the date following the expiration date of the last to expire of the Takeda Patents (as extended, if applicable);

(d)     a permanent injunction restraining and enjoining against any infringement by defendants, their officers, agents, attorneys, employees, successors or assigns, or those acting in privity or concert with them, of the Takeda Patents, through the commercial manufacture, use, sale, offer for sale or importation into the United States of pioglitazone or any drug product containing pioglitazone, and/or any inducement of the same;

(e)     Attorneys' fees in this action under 35 U.S.C. § 285; and

(f)     Such further and other relief in favor of Plaintiffs and against defendants as this

Court may deem just and proper.

Dated:    July 8, 2009                                  **EDWARDS ANGELL PALMER & DODGE LLP**


                                                         _/s/ Denise Seastone Kraft_
Of Counsel:                                              John L. Reed (DE No. 3023)
                                                         Denise Seastone Kraft (DE 2778)
Anthony J. Viola                                         919 North Market Street, 15th Floor
Andre K. Cizmarik                                        Wilmington, DE  19801
EDWARDS ANGELL PALMER                                    (302)777-7770
& DODGE LLP                                              jreed@eapdlaw.com
750 Lexington Avenue                                     dkraft@eapdlaw.com
New York, NY 10022
(212) 308-4411                                           *Attorneys for Takeda Pharmaceutical Company*
aviola@eapdlaw.com                                       *Limited and Takeda Pharmaceuticals North*
acizmarik@eapdlaw.com                                    *America, Inc.*


David G. Conlin (BBO No. 94220)
Barbara L. Moore (BBO No. 352780)
Kathleen B. Carr (BBO No. 564138)
Adam P. Samansky (BBO No. 661123)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
(617) 439-4444
dconlin@eapdlaw.com
bmoore@eapdlaw.com
kcarr@eapdlaw.com
asamansky@eapdlaw.com